J-S39035-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN ANTONIO CRUZ | : | |
| | : | |
| Appellant | : | No. 814 EDA 2025 |

Appeal from the PCRA Order Entered March 7, 2025
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0000702-2015

BEFORE:  STABILE, J., NICHOLS, J., and SULLIVAN, J.

JUDGMENT ORDER BY SULLIVAN, J.:          **FILED JANUARY 5, 2026**

John Antonio Cruz ("Cruz") appeals *pro se* from the denial of his serial petition for relief under the Post Conviction Relief Act ("PCRA").[1] Because Cruz concedes no relief is due, his brief fails to conform to the Rules of Appellate Procedure, and his appeal is time-barred depriving this Court of jurisdiction, we dismiss this appeal.

In 2016, a jury convicted Cruz of a series of offenses including persons not to possess firearms.  Cruz did not appeal.  He subsequently filed two PCRA petitions, each of which the PCRA court dismissed, and this Court affirmed the dismissal of the petitions.  Cruz filed a third PCRA petition, which the PCRA dismissed as time-barred, that is the subject of this appeal.

Cruz lists three issues for our review, all of which relate to the constitutionality of the prohibition of possession of firearms by a person

_____

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

convicted of a prior violent felony, and refer to the United States Supreme Court's decision in **New York State Rifle and Pistol Assoc. v Bruen**, 597 U.S. 1 (2002). **See** Cruz's Brief at 1. We do not reach the merits of Cruz's issues because, in his one-sentence argument, Cruz concedes he is not entitled to relief: "Appellant recognizes that **Bruen** was not held to apply retroactively and therefore[] those standards alone do not apply to the jurisdictional time bar, however argued." **See** Cruz's Brief at 2.[2]

Not surprisingly, given Cruz's concession he is due no relief, his brief fails to comply with a plethora of Rules of Appellate Procedure, most significantly Pa.R.A.P. 2119, Argument, which requires a discussion and citation of authorities, **see** Pa.R.A.P. 2119(b), reference to the record, **see** Pa.R.A.P. 2119(c), a synopsis of evidence, **see** Pa.R.A.P. 2119(d), and a statement of place of raising or preservation of issues, **see** Pa.R.A.P. 2119(e).

This Court may dismiss an appeal if the defects in the brief are substantial. **See** Pa.R.A.P. 2101 (providing "if the defects . . . in the brief . . . are substantial, the appeal . . . may be . . . dismissed"). For that independent reason, Cruz is not entitled to review of a claim he concedes is meritless.

Finally, we note the PCRA court has ably explained Cruz's claim is time-barred depriving the court of jurisdiction. **See** PCRA Court Opinion, 5/13/25.

---

[2] In similar vein, Cruz's conclusion does not seek relief but invokes blessing from a Higher Power on this Court. **See** Cruz's Brief at 2-3.

We incorporate the PCRA court's reasoning as another, independent basis to dismiss this appeal.

Appeal dismissed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/5/2026